IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

ILJAZ SABANI,                      )
                                   )
               Plaintiff,          )
                                   )
     v.                            )     No. 09 C 4633
                                   )
NORTHWEST AIRLINES, INC., etc.,    )
                                   )
               Defendant.          )

                     MEMORANDUM ORDER

     Northwest Airlines, Inc. ("Northwest") has filed its Answer to the ERISA Complaint brought against it by Iljaz Sabani ("Sabani"). This memorandum order is issued sua sponte because of two problematic aspects of that responsive pleading.

     First, Answer ¶¶1, 6 and 9 follow the Fed. R. Civ. P. ("Rule") 8(b)(5) form of disclaimer of some of Sabani's allegations. But having done so, Northwest's cousnel then proceed impermissibly to add "and therefore denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

     Second, although singling out one of Northwest's affirmative defenses ("ADs") should not be misunderstood as approving the others (Sabani's counsel may assert that one or more others are flawed), AD 2 is at odds with the principles of notice pleading

that apply to defendants and plaintiffs alike in the federal system--see the discussion of Rule 8(c) in App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). It will not do to advance a boilerplate assertion that simply echoes part of the Rule 8(c) laundry list--in this instance "laches, waiver and estoppel." Even apart from the fact that "waiver" is the wrong label in all events ("forfeiture" is what Northwest's counsel must mean), the other two defenses are wanting for lack of any explanation as to how Sabani's purported delay has assertedly prejudiced Northwest. Accordingly AD 2 is stricken, but with leave granted to file an appropriately-amended AD 2 on or before September 25, 2009.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: September 18, 2009